IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kendrick V. Alston,<br>  Plaintiff,<br><br>  v.<br><br>Winthrop University Police Department, et. al.,<br>  Defendants. | Case No. 8:09-1130-RMG-BHH<br><br>**ORDER** |

This is a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. The Magistrate Judge has issued a Report and Recommendation that Defendants' motions for summary judgment should be granted. (Dkt. No. 79). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. (Dkt. No. 79-1). Plaintiff twice requested an extension to file objections which this Court granted. Despite the notice and the requests for extensions, Plaintiff has failed to file specific objections to the R&R. Instead, Plaintiff has now filed his response to Defendants' renewed summary judgment motion. (*See* Dkt. 93). Judge Harwell had previously denied Defendants' motion for summary judgment with leave to re-file in light of Plaintiff's claim that he had additional evidence to support his claims. (Dkt. 58). Defendants' re-filed their summary judgment motions. (Dkt. Nos. 68 & 69). Rather than substantively respond to the motions as directed in the *Roseboro* Order (Dkt. No. 72), Plaintiff filed a one page conclusory opposition to the motion without any accompanying affidavits. (Dkt. No. 75). Now, over five (5) months since Defendants' filed the summary judgment motions, Plaintiff attempts to respond to the motions. *(See,*

Page 1 of 6

*e.g.*, Dkt. No. 93). Moreover, Plaintiff's recently filed document is in large part verbatim the arguments he previously raised opposing summary judgment. (*See* Dkt. No. 50). Nonetheless, this Court will construe Dkt. No. 93 as objections and has reviewed the Record *de novo* and considered the arguments/objections Plaintiff's has raised but as explained herein, this Court agrees with the Report and Recommendation and grants Defendants' motions for summary judgment.

## LAW/ANALYSIS

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

To begin, the Winthrop University Police Department and the Rock Hill City Police Department are not "municipalities" properly subject to suit but even if they were municipal entities that can be sued under § 1983, the Plaintiff has not made any allegations directed at an official policy or custom. A local governmental entity cannot be held vicariously liable for the unconstitutional acts of its employees and is only liable under § 1983 if it causes a deprivation of constitutional rights through an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)

(holding municipal governments may be sued only for their own unconstitutional or illegal policies; municipalities may not be sued for the acts of their employees); *Gold v. St. Matthews Police Dep't*, 2007 WL 2110475, at *3 (D.S.C. July 17, 2007) (dismissing the complaint in part because allegations against the police department failed to allege a policy or a custom that deprived the plaintiff of a federal right). Thus, because Plaintiff has not set forth allegations regarding a policy or custom which has impacted the Plaintiff's constitutional rights, these Defendants are dismissed.

Plaintiff has generally alleged claims of excessive force, medical indifference, conspiracy, harassment, and loss of personal property in his Complaint. As outlined herein, the remaining Defendants are entitled to summary judgment on each of these claims.

As to the excessive force claim, Plaintiff alleges the Defendant Officer Bunch used excessive force in placing the Plaintiff into the patrol car and that afterwards when the Defendants stopped the police car on the way to the jail and beat him. To the extent that an excessive force claim represents a collateral attack on the Plaintiff's criminal conviction, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Cummings v. City of Akron*, 418 F.3d 676, 682 (6th Cir. 2005) (holding that "success on [Plaintiff's] excessive force claim would necessarily imply the invalidity of his state assault conviction. The struggle between [Plaintiff] and the officers gave rise to both [Plaintiff's] assault conviction and the excessive force claim, and the two are inextricably intertwined."); *Woods v. Cashier*, 2006 WL 2385275, *8 (D.S.C. Aug.17, 2006). There is a clear nexus between the excessive force claim relating to the conduct in the Dollar General parking lot and his resisting arrest conviction but from this Record it is not clear if that conviction arose out of the ride to the jail as well. But turning to the merits of Plaintiff's claim with respect to the ride to the jail, Defendants' are entitled to summary judgment. During the ride to the jail the Plaintiff began kicking the windows

of the patrol car. In order to prevent Plaintiff from causing injury to himself, the officers, or the patrol car, the officers stopped the car to place a restraint (called a hobble cord) on Plaintiff. In trying to place the restraint on Plaintiff, he continued to resist and kicked at the officers. The officers then had to strike Plaintiff with a baton in order to subdue him. Based on these facts, Plaintiff simply alleged, in a conclusory fashion, that Plaintiffs used "more force than reasonably necessary." (Dkt. No. 1 at p. 4). This Court disagrees, based on the Record, there was clearly a need for the application of force and "the force was applied in a good faith effort to maintain and restore discipline." *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008) (internal citations and quotations omitted) (stating that "[i]n determining whether [a] constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm.") Thus, summary judgment on Plaintiff's excessive force claim is warranted.

Plaintiff has also alleged the Defendants were indifferent to his medical needs. In *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104 (1976). Here, Plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against any of the named Defendants–all non-medical personnel. The Record contains no evidence that the Defendants

were aware that the Plaintiff needed medical attention and denied him such. Finally, the Plaintiff has not alleged any delay in treatment caused him to suffer a life-long handicap or permanent loss. Thus, under the standard set forth above, Defendants are entitled to summary judgment on this claims.

Plaintiff also alleges that the Defendants Officers Ranier and Smothers of the Rock Hill Police Department conspired to violate his civil rights and assisted Officer Bunch in inflicting his alleged injuries. (Dkt. No. 1 at p. 3). To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir.1996). Thus, an essential element for a claim of conspiracy to deprive a plaintiff of a constitutional right is an agreement to do so among the alleged co-conspirators. *Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1006-07 (4th Cir. 1987). Plaintiff must allege facts showing that the defendants shared a "unity of purpose or a common design" to injure the plaintiff. *Am. Tobacco Co. v. United States*, 328 U.S. 781, 809-10 (1946). Here, Plaintiff fails to allege any facts indicating that the Defendants acted jointly to injure him, and his conclusory allegations are insufficient to state a claim upon which relief may be granted.

Plaintiff alleges the Rock Hill and Winthrop Police continue to harass him and his family and have made living in Rock Hill extremely difficult. (Dkt. No. at p. 4). In his Complaint, he does not provide any further details regarding these allegations. Accordingly, the Plaintiffs allegations are too conclusory to state a § 1983 claim and fail as a matter of law. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985) (holding conclusory allegations, without more, are insufficient to preclude the granting of the summary judgment motion)

Finally, without making any specific allegations, the Plaintiff alleges he has experienced a loss of personal property. These conclusory allegations fails too but such a claim also fails on the merits. The Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a Plaintiff with a viable remedy for the loss of personal property. *Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986). Claims related to personal property are cognizable under South Carolina state law. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir.1986). There are also specific South Carolina laws governing the return of property seized and/or forfeited in connection with criminal charges. *See, e.g.*, S.C. Code Ann. §§ 44-53-530; 44-53-586. If Plaintiff has experienced an unauthorized intentional property deprivation, he has failed to show a constitutional violation because he has a meaningful post-deprivation for his alleged loss under South Carolina law.

## CONCLUSION

After a *de novo* review of the record, magistrate judge's Report and Recommendation, and the relevant case law, and Plaintiff's arguments/objections, this Court adopts the magistrate judge's Report and Recommendation as the Order of this Court and the Defendants' motions for summary judgment are **GRANTED**. Plaintiff's "motion" (Dkt. No. 95) is denied as moot in light of this Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 14, 2011
Charleston, South Carolina